Brian J. Wagner (SBN 239981)
KUTAK ROCK LLP
5 Park Plaza, Suite 1500
Irvine, California 92614-8595
Telephone: (949) 417-0999
Facsimile: (949) 417-5394
Email: brian.wagner@kutakrock.com

Leland P. Abide (*pro hac vice to be applied for*)
60 South Sixth St., Suite 3400
Minneapolis, MN 55402
Telephone: (612) 334-5000
Facsimile: (612) 334-5050
Email: leland.abide@kutakrock.com

Attorneys for Plaintiff, Getac, Inc.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GETAC, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RAMZI ALAFANDI, PAUL EKELEME, PAY EKELEME LLC, EDWIN RIVERA, and DOES 1-10,<br><br>　　　　Defendants. | Case No.: 8:25-cv-01472<br><br>**COMPLAINT FOR:**<br><br>**(1) False Designation of Origin, Lanham Act, 15 U.S.C. § 1125(a)**<br><br>**(2) RICO 18 U.S.C. § 1964(c)**<br><br>**(3) Unlawful, Unfair, and Fraudulent Business Practices, Cal. Bus. & Prof. Code § 17200**<br><br>**(4) Conversion**<br><br>**(5) Fraud**<br><br>**(6) Civil Conspiracy**<br><br>**(7) Injunction**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Getac, Inc. ("Getac") hereby states and avers as follows:

## PRELIMINARY STATEMENTS

1.  Getac has recently been the target of a fraudulent scheme perpetrated by fraudsters Ramzi Alafandi, Paul Ekeleme and Edwin Rivera—and likely others who are not yet known to Getac. Acting in concert, Alafandi, Ekeleme and Rivera create fake corporate documents and contact Getac's customers to intercept checks being issued to Getac, using the fake corporate documents to create the illusion of legitimacy. But Alafandi, Ekeleme and Rivera have no connection to Getac. They are professional con artists.

2.  Alafandi, Ekeleme and Rivera have filed fake corporate documents to make them publicly available, including with the California Secretary of State, the Florida Division of Corporations, and the Missouri Secretary of State. They have also caused Getac's mail to be forwarded to a home in Victorville, California and other homes in the control of Defendants.

3.  Relying on the fake corporate documents, Alafandi, Ekeleme and Rivera (and others who are not yet known to Getac) (collectively, the "fraudsters") then send email or other correspondence to third parties pretending to be from Getac—using Getac's logo—in an attempt to scam them.

4.  Defendants target victims who may owe money to Getac, or who may think that they are sending money to Getac for legitimate goods or services. In reality, they are being defrauded by Defendants.

5.  As part of their scheme, Alafandi, Ekeleme and Rivera have intercepted legitimate checks issued to Getac, including customer checks, and nearly succeeded in intercepting a federal tax refund check for approximately $230,000.

6.  Getac has attempted to work with the California Secretary of State and the Florida Division of Corporations to remove the false information and prevent future false filings. Those attempts have yielded mixed results, and the fraud has continued. Getac has also attempted stop the misconduct by reporting Defendants

to law enforcement officials. So far, law enforcement has not indicated any willingness to act.

7. Getac's own investigation has revealed that the fraudsters' scheme crosses state lines, involving false filings and instances of mail fraud in at least four states, including California, Florida, Missouri, and Mississippi.

8. Getac now asks the Court for relief described herein to curb Defendants' conduct and seeks damages incurred from the fraud.

## PARTIES

9. Getac, Inc. is a California corporation with its principal place of business in Irvine, California.

10. Ramzi Alafandi is a natural person residing in Los Angeles County, California. He has directed significant activity toward California related to the matters described herein.

11. Paul Ekeleme is a natural person residing in San Bernadino County, California. He has directed significant activity toward California related to the matters described herein.

12. Pay Ekeleme LLC is a California limited liability company based in Adelanto, California. It has directed significant activity toward California related to the matters described herein.

13. Edwin Rivera is a natural person residing in Reunion, Florida. He has directed significant activity toward California related to the matters described herein.

14. Other individual and entity defendants are likely involved in the fraudulent scheme described herein, but their identities are not yet known to Getac. Those defendants are included in the caption as "Does 1-10."

## JURISDICTION AND VENUE

15. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Getac has asserted claims for relief arising under the laws of the United States.

16. The Court also has supplemental jurisdiction over Getac's claims arising under state law pursuant to 28 U.S.C. § 1367 because the state law claims are so related to Getac's claims arising under federal law that they form part of the same case or controversy.

17. A substantial part of the events or omissions giving rise to the claims alleged herein occurred in California, or were directed at a California corporation in this district, and/or at a California state agency.

18. Venue is proper in this judicial district pursuant to 18 U.S.C. § 1965 and 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction in this judicial district, there is no district where all Defendants reside, and at least one Defendant resides, is found, has an agent, or transacts its affairs in this judicial district.

## FACTUAL ALLEGATIONS

19. Getac is a multinational technology company. It is a global leader in rugged mobile technology and intelligent video solutions, including laptops, tablets, software, body-worn cameras, in-car video, interview rooms, and evidence management software. Getac provides rugged laptops, tablets, and body-worn cameras to a wide range of law enforcement agencies and emergency medical services (EMS) operating in Los Angeles and other communities within this District. Getac's products and services are used by frontline workers operating in challenging and hazardous environments across the globe.

20. Getac permissibly utilizes several registered United States trademarks with the wordmark "Getac" in connection with supplying its goods and services

across the United States, including trademark registration numbers 2207136, 5389311, and 5344397.

21. Several of Getac's products bear the trademark(s). Correspondence sent by Getac also bears the trademark(s).

### *Scheme To Defraud Getac and Others*

22. Since at least October of 2023, Getac has been the target of a fraudulent scheme perpetrated by Alafandi, Ekeleme and Rivera (among potential others) (collectively, the "fraudsters").

23. The scheme involves submitting false corporate records to official state agencies, including the California Secretary of State and the Florida Division of Corporations. In the fake records, the fraudsters list themselves or others as the corporate officers and/or directors of Getac, change the corporate address of Getac to a residence they control or a fake address, and change contact information for Getac.

24. The scheme also involves having Getac's mail forwarded to an address controlled by the fraudsters.

25. With the falsified corporate documents and access to the company's mail, the fraudsters then attempt to profit from the scheme by tricking third parties into making payments to the fraudsters while the victims believe that they are making payments to Getac.

26. One reported case shows that Ekeleme has successfully used this scheme in the past to fraudulently induce a transfer of $81,750 to his company, Pay Ekeleme LLC. *See USCHAG Corp. v. Flagstar Bank, FSB*, 220 A.D.3d 823, 823, 198 N.Y.S.3d 153, 154 (2023). Other companies in Florida have reported the same or similar schemes to news outlets.[1]

---

[1] *See* https://wsvn.com/news/help-me-howard/south-florida-business-owner-faces-identity-theft-as-criminal-exploits-state-registry/

27. Through the course of its investigation, Getac learned that the fraudsters have targeted other companies in a similar scheme, including Tyson Foods, Embraer Aircraft, and others.

### *The Fraudsters Target Getac*

28. On October 6, 2023 someone caused Getac's mail to be forwarded from its office in Irvine to an address in Victorville, California. The Victorville address is a residence occupied by Ekeleme or an accomplice of his.

29. Getac discovered the mail forwarding issue on November 2, 2023 and reported the fraud to the United States Postal Service ("USPS"), case no. 56709810.

30. Upon making the report to USPS, Getac was informed that prior to correcting the issue, the mailing address had been changed again, this time to an address in Reunion, Florida. The Reunion address is a residence occupied by Rivera or an accomplice.

31. On November 27, 2023, a new domestic entity was created with the Florida Secretary of State using the entity name of "Getac Inc." The document is completely fabricated. Getac does not have an entity registered in Florida, and the fraudulent filer used Getac's true Federal Employer Identification Number. The fake documents include Articles of Incorporation naming Edwin Rivera as President, Danti Rivera as Vice President and Laura Wallace as Treasurer. The principal address listed on this fake document is the same address in Reunion, Florida.

32. On January 6, 2024, Rivera filed Articles of Amendment to the Articles of Incorporation purporting to remove Danti Rivera and Laura Wallace as officers.

33. On May 1, 2024, Rivera filed the 2024 Florida Annual Report with the Florida Secretary of State for "Getac Inc.," reaffirming the prior false statements listing the fake officers and address for Getac. A copy of the false Florida filings are attached as **Exhibit 1**.

34. On July 5, 2024, a falsified Statement of Information was filed with the California Secretary of State. The falsified document listed Paul Ekeleme as the President, CEO, CFO and Secretary of Getac and changed Getac's principal and mailing address to a residence in Adelanto, California. The document was uploaded by Rivera. Since then, the fraudsters have changed Getac's business information with the California Secretary of State on eleven (11) occasions to date. A copy of the false California filings to date are attached as **Exhibit 2**.[2]

35. On February 26, 2025, a new domestic entity was created with the Missouri Secretary of State using the entity name of "Getac Inc." The document is also completely fabricated. Getac does not have an entity registered in Missouri. The fake documents include Articles of Incorporation naming Edward Rodriguez as the Registered Agent and Incorporator of this entity. A copy of the false Missouri filing is attached as **Exhibit 3**.

36. On May 7, 2025, a falsified Annual Report was filed with the Mississippi Secretary of State. The falsified document listed Anthony Cella as the President and Sonny Lee as the Chief Executive Officer. The fraudsters used an email address intended to impersonate Getac, "info@getacusa.com", to send the document to the Mississippi Secretary of State to further their bad acts. They also changed Getac's NAICS code. A copy of the false Mississippi filing is attached as **Exhibit 4**.

### *Getac Attempts To Take Corrective Measures*

37. On or about July 30, 2024, Getac discovered that someone had been submitting the falsified corporate documents with the California Secretary of State and the Florida Division of Corporations listing Ekeleme and Rivera as corporate officers and directors of the company and falsifying the corporate address.

---

[2] The Fraudsters continued to submit false the fake documents after corrected versions were uploaded by Getac.

38.  On the same day, Getac contacted the office of the California Secretary of State to notify it of the false Statement of Information which listed Ekeleme as an officer and listed the wrong address for Getac.  Getac asked for assistance in removing the false Statement of Information and in preventing the misconduct.

39.  Getac was informed by the California Secretary of State's office that anyone can create a basic "bizfile" account and file a new Statement of Information, for any entity, at any time, as long as they pay the filing fee.  According to the California Secretary of State, there is no way to prevent a fraudulent filing, because it is "a good faith filing."  The California Secretary of State further advised Getac to notify the Attorney General's office about the fraud.

40.  Getac submitted a corrected Statement of Information on July 31, 2024. However, the fraudsters have continued to file the same or similar falsified corporate documents.  Thus, since July of 2024, Getac has been locked in a back-and-forth battle with the fraudsters, who continually file the false statements, sometimes within hours of Getac correcting the documents. The California Secretary of State has refused to "freeze" the account to prevent the fraudulent filings.

41.  Getac has similarly been unable to remove the fraudulent filings in Florida.  In response to the fraudulent filings there, Getac drafted a Statement of Fact that corrected the false information and informed the public as to Getac's actual officers and address.  Submission of the Statement of Fact is suggested by the Florida Division of Corporations to correct false business records.[3]

42.  The Florida Division of Corporations has published the Statement of Fact, but the inaccurate information remains visible to the public.  The Florida

---

[3] *See* https://dos.fl.gov/sunbiz/manage-business/mind-your-sunbizness/sunbizness-identity-theft-resource-guide/florida-department-of-state-s-duties-and-records/

Division of Corporations advises that "all disputes and fraudulent filing activity must be resolved between the affected parties or in the courts."[4]

43. Despite Getac filing corrected statements, the fraudulent corporate records continue to be uploaded by the fraudsters, and the conduct has continued into 2025. Examples include the following:

   a. January 17, 2025: Getac is notified that its mailing address in Irvine has again been changed to a fake address;

   b. February 19, 2025: Getac's California Secretary of State Filing is altered once again to list Ramzi Alafandi as President of Getac;

   c. February 27, 2025: a new, fraudulent entity titled "Getac Inc." was registered in Missouri by "Edward Rodriguez." The name and contact information on this filing matches another fraudulent filing listing Alafandi; and

   d. March 7, 2025: the fake Getac corporate documents in Florida are changed to list Ramzi Alafandi, Anthony Cella, and Timothy Romero as officers (none are officers of Getac).

### Getac Learns That The Fraudsters Intercepted And Cashed Checks Issued to Getac

44. In March of 2025, Getac discovered that certain checks that had been mailed to its Irvine office had been intercepted and deposited into a Fidelity brokerage account ending in 8703 that is not associated with Getac. Upon information and belief, the Fidelity account belongs to one or more of the Defendants.

45. Getac's other mail (i.e., mail other than checks) was not affected, which delayed Getac's discovery of the issue.

---

[4] *See id.*

46. To date, Getac is aware of seven checks from customers that have been intercepted. In five of the seven cases, Getac was able to stop payment on the checks prior to deposit.

47. However, the fraudsters deposited a check issued to Getac Inc. in the amount of $799.95 on February 14, 2025 and a check in the amount of $999.95, also on February 14, 2025.

48. Using fake names and claiming to be officers of Getac, the fraudsters have placed calls to Getac's customers asking about the status of invoices and checks issued, and asking customers to re-direct checks so that they could be intercepted by the fraudsters. For example, one such instance occurred on May 13, 2025, wherein one of the persons perpetrating the fraud called a Getac customer at the Western Lebanon County Regional Police Department in Palmyra, Pennsylvania, pretending to be the President of Getac inquiring about the status of an invoice for $11,373.12. Noting that it was "odd" for the President of the company to be calling over the status of an invoice, the customer reported the incident to Getac the same day.

49. At this time, it is unknown how the fraudsters are intercepting checks sent to Getac's legitimate headquarters, while other mail makes its way to the address.

50. In addition to the customer checks, Getac learned in April of 2025 that the fraudsters had nearly intercepted a tax refund check issued by the Internal Revenue Service to Getac Inc. The fraudsters impersonated Getac's President in an attempt to change its IRS mailing address on multiple occasions in furtherance of their scheme. Alerted to potential fraud, the IRS withheld a tax refund check for more than $230,340 which would have otherwise ended up in the hands of the fraudsters.

51. Getac has reported the fraud to the California Attorney General, the Florida Attorney General, the Irvine Police department, the USPS Office of

Inspector General, and the FBI cybercrimes unit. To date, no law enforcement action has been taken against the fraudsters.

52. Getac has suffered harm, and will continue to suffer harm, as a result of the fraudulent conduct. To date, Getac is aware of $1,799.90 that has been stolen by the fraudsters through their wire and mail fraud scheme, although the true amount is believed to be much higher. In addition, Getac has paid filing fees to correct the false information, engaged a private investigator to locate the bad actors, designed and implemented software to monitor the fraudulent filings, and its employees have devoted significant time to monitoring and attempting to correct the issue. Moreover, Getac has suffered or is at risk of suffering reputational harm as a result of the fraud, and other third parties may already be victims of the fraud.

## FIRST CLAIM FOR RELIEF

### False Designation of Origin - Lanham Act § 43(a)(1)(A)/15 U.S.C. § 1125(a)

### Against All Defendants

53. Getac restates all allegations in this Complaint as if fully set forth herein.

54. Section 43(a) of the Lanham Act prohibits the use of false designations of origin, false descriptions, and false representations in the advertising and sale of goods and services. *See Cleary v. News Corp.*, 30 F.3d 1255, 1259 (9th Cir. 1994).

55. Getac has a commercial interest in the "Getac" trademark and wordmark.

56. Defendants have utilized the "Getac" name in fraudulent business filings and in correspondence with third parties.

57. Defendants have improperly used the Getac name in interstate commerce, including by submitting the name in false corporate documents with multiple state agencies, acting across state lines, and utilizing the Getac name in correspondence across state lines.

58. Defendants have utilized the Getac logo in an attempt to solicit third parties who believe that they are hiring, making payment to, or otherwise doing business with Getac.

59. Defendants' use of the Getac name is likely to cause confusion, mistake, or deception because not only are Defendants using the actual Getac name and logo in correspondence, but they have manipulated business filings in at least two states in an effort to make their correspondence look legitimate.

60. As a direct and proximate result of Defendants' fraud, Getac has suffered actual harm and is likely to suffer additional harm to its reputation and sales.

61. As a result of Defendants' misconduct, Getac's reputation has been harmed and it has been damaged in an amount to be proved at trial.

## SECOND CLAIM FOR RELIEF

### Violation of Federal RICO, 18 U.S.C. § 1964(c)

### Against All Defendants

62. Getac restates all allegations in this Complaint as if fully set forth herein.

63. The Defendants' conduct, and the conduct of each Defendant named herein, constitutes racketeering as set forth in 18 U.S.C. § 1964(c). Specifically, Congress has defined "racketeering" to include wire fraud, or committing fraud by means of electronic transmissions over wire. Defendants engaged in multiple instances of wire fraud, including submitting false documentation to the Florida Division of Corporations and to the California Secretary of State, in which they falsely claimed that they or their accomplices were officers or directors of Getac and gave a fake business address for the company.

64. "Racketeering" also includes frauds committed by mail, which includes devising any scheme to obtain money or property through use of the United States Postal System with the specific intent to commit fraud. Defendants have engaged

in multiple instances of mail fraud. Their typical scheme, as it is currently known to Getac, involves (1) identifying Getac customers that have outstanding invoices; (2) contacting the customer to inquire about payment; (3) gain information about when the payment will be made so that the fraudsters can physically intercept the check in the USPS and/or re-direct where the check is to be mailed; while (4) pointing the customers to the fake corporate documents online to create the illusion of legitimacy.

65. As detailed below, Getac alleges three different causes of action for federal RICO violations; Section 1962(c) provides relief against parties who engage in a pattern of racketeering activity, Section 1962(a) provides relief against parties who use income generated through a pattern of racketeering activity, and Section 1962(d) provides relief against those who conspire to violate the racketeering laws. Defendants are liable under each of these three sections of the statute.

66. 18 U.S.C. § 1962(c) makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity . . . " 18 U.S.C. § 1962(c).

67. Each Defendant, at all relevant times, is and has been a "person" within the meaning of 18 U.S.C. § 1961(3) because each Defendant is capable of holding, and does hold, "a legal or beneficial interest in property."

68. Defendants' activities include at least two acts of racketeering activity within the preceding ten-year period and thus constitutes a "pattern" of racketeering activity. 18 U.S.C. § 1961(5).

69. Specifically, known acts of wire fraud by submission of fraudulent corporate documents to official state agencies including:

a. Alteration of Getac's business information on the California Secretary of State business filing website on the following dates: July 5, 2024, September 1,

2024, September 17, 2024, September 24, 2024, September 25, 2024, October 29, 2024, February 5, 2025, February 19, 2025, March 7, 2025, March 12, 2025, and May 10, 2025.

    b.    Alteration of Getac's business information on the Mississippi Secretary of State business filing website on May 7, 2025.

    c.    Creation of a domestic corporation named "Getac Inc." with the Florida Secretary of State on November 27, 2023.

    d.    Create of a domestic corporation named "Getac, Inc." with the Missouri Secretary of State on February 26, 2025.

70.    At all relevant times, each Defendant participated in the affairs of the enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(c).

71.    18 U.S.C. § 1962(a) makes it "unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity . . . to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce." 18 U.S.C. § 1962(a).

72.    At all times relevant hereto, Defendants received income derived from a pattern of racketeering activity to use or invest a part of such income or the proceeds of such income in the establishment and operation of an enterprise that is engaged in, or the activities of which affect, interstate or foreign commerce, in violation of 18 U.S.C. § 1962(a).

73.    All Defendants agreed to and did use income received directly from a pattern of racketeering activity to engage in and affect interstate commerce, including wire fraud as defined by 18 U.S.C. § 1343, and for the unlawful purpose of intentionally defrauding Getac and others.

74. 18 U.S.C. § 1962(d) makes it "unlawful for any person to conspire to violate any of the provisions of subsection (a), (b) or (c) of this section."

75. At all relevant times, Defendants and each Defendant agreed to and did conspire to violate 18 U.S.C. §§ 1962 (a) and (c), as alleged above and incorporated herein, violation of 18 U.S.C. § 1962(d). The object of this conspiracy has been and is to conduct or participate in, directly or indirectly, the affairs of the enterprise described above; and to receive income derived from a pattern of racketeering activity and to use such income or the proceeds of such income in the establishment and operation of that enterprise.

76. Defendants have knowingly, willfully and intentionally conspired and agreed to conduct and participate in the conduct of the affairs of the enterprise described previously through a pattern of racketeering activity, which includes both wire fraud and mail fraud.

77. Defendants have knowingly, willfully and intentionally conspired and agreed to receive income derived from a pattern of racketeering activity and to use such income or the proceeds of such income in the establishment and operation of the enterprise described previously.

78. Defendants knew that their actions as alleged above were part of a pattern of racketeering activity and agreed to the commission of those acts to further the conspiratorial scheme described above.

79. Defendants' conduct constitutes a conspiracy to violate 18 U.S.C. §§ 1962(c) and (a), in violation of 18 U.S.C. § 1962(d).

80. As a result of Defendants' misconduct, Getac has been damaged in an amount to be proved at trial, but not less than $1,799.90. 18 U.S.C. § 1964(c) allows "any person injured in his business or property by reason of a violation of section 1962 of this chapter" to "sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee …."

### THIRD CLAIM FOR RELIEF

### Unlawful, Unfair, and Fraudulent Business Practices (Cal. Bus. & Prof. Code § 17200)

### Against All Defendants

81. Getac restates all allegations in this Complaint as if fully set forth herein.

82. Defendants' conduct, including the submission of falsified corporate documents to state agencies in California, Mississippi, Missouri and Florida, is an unlawful practice prohibited by federal and state law, including criminal law.

83. In particular, Defendants are publishing false statements that misrepresent the corporate officers and corporate address of Getac. The purpose of the misrepresentation is to deceive third parties into believing that Defendants represent or are acting on behalf of Getac in an effort to solicit payment.

84. As a result of Defendants' misconduct, Getac has been damaged in an amount to be proved at trial.

### FOURTH CLAIM FOR RELIEF

### Conversion

### Against All Defendants

85. Getac restates all allegations in this Complaint as if fully set forth herein.

86. Getac was, and is, the rightful owner of the monies that were sent to it by its customers.

87. Through the schemes devised by Defendants, as described herein, the Defendants wrongfully obtained money intended for Getac by removing checks in transit in the USPS or similar system, and/or caused Getac's customers to send checks to addresses in the Defendants' control, utilizing the fake corporate documents to create the illusion of legitimacy.

88. As a result of Defendants' theft, Getac has suffered actual damages in an amount not less than $1,799.90. The actual damages suffered by Getac is likely higher and will be uncovered by Getac in discovery.

## FIFTH CLAIM FOR RELIEF

### Fraud

### Against All Defendants

89. Getac restates all allegations in this Complaint as if fully set forth herein.

90. Defendants are making false statements to the California Secretary of State, the Florida Division of Corporations, the Mississippi Secretary of State, the Missouri Secretary of State, and the public. In particular, Defendants are misrepresenting the corporate officers of Getac and the corporate address of Getac. Examples of the documents containing the fraudulent statements are attached as Exhibits 1 through 4.

91. Defendants know that the foregoing statements are false.

92. Defendants are making the false statements for the purpose of inducing third parties to send money to Defendants under the false pretense that the money is being sent to Getac.

93. Third parties are relying on the false statements in sending money to Defendants because the statements appear to be coming from reliable sources at the California Secretary of State, the Mississippi Secretary of State, the Missouri Secretary of State and the Florida Division of Corporations.

94. Getac itself has been damaged by Defendants' fraudulent conduct in an amount to be proved at trial.

## SIXTH CLAIM FOR RELIEF

### Civil Conspiracy

### Against All Defendants

95. Getac restates all allegations in this Complaint as if fully set forth herein.

96. Defendants Alafandi, Ekeleme, Rivera, Pay Ekeleme LLC, and others, constitute a group of more than one entity and individuals.

97. These Defendants, acting together, have devised a scheme whereby they work together to submit false corporate information regarding Getac to the California Secretary of State and the Florida Division of Corporations, and upon information and belief to other third parties.

98. Defendants' conduct is unlawful and tortious.

99. All Defendants have committed at least one unlawful or tortious act in furtherance of the scheme.

100. As a result of Defendants' wrongful conduct, Getac has been damaged in an amount to be proven at trial.

## SEVENTH CLAIM FOR RELIEF

### Injunctive Relief

### Against All Defendants

101. Getac restates all allegations in this Complaint as if fully set forth herein.

102. As a result of Defendants' conduct in submitting false corporate information to official state agencies, and other fraudulent communications purportedly made on behalf of Getac, Getac is suffering and will continue to suffer irreparable harm, including harm to its reputation.

103. Getac lacks an adequate remedy at law, particularly as ongoing harm to Getac's reputation is and will be difficult to measure. Further, if Defendants

continue to post false information related to Getac, more third parties are likely to be victimized by their conduct.

104. A balance of hardships as to Getac and Defendants further supports enjoining their conduct, as the harm to Getac and other innocent victims is measurable, and there is no legitimate harm to Defendants.

105. Public interest will be served by issuance of an injunction, because it is likely to prevent members of the public from being swindled by Defendants.

## PRAYER FOR RELIEF

Wherefore, Plaintiff requests that the Court enter an order for judgment in its favor and against Defendants:

1. That orders Defendants be preliminarily and permanently enjoined from engaging or continuing to engage in the unlawful and fraudulent conduct as described herein;

2. That orders Defendants immediately cause the fraudulent business filings with the California Secretary of State, the Mississippi Secretary of State, the Missouri Secretary of State and the Florida Division of Corporations to be removed;

3. For damages in an amount to be proven at trial for false designation of origin under 15 U.S.C. § 1125(a);

4. For damages in an amount to be proven at trial for violation of federal RICO under 18 U.S.C. § 1964(c);

5. For damages in an amount to be proven at trial for conversion;

6. For damages to be proven at trial for Unlawful, Unfair, and Fraudulent Business Practices;

7. For damages in an amount to be proven at trial for fraud;

8. For damages in an amount to be proven at trial for civil conspiracy;

9. For Getac's reasonable costs and fees, including attorneys' fees;

10. For such other and further relief as the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Getac respectfully demands a trial by jury on all counts so triable.

Dated: July 8, 2025

                                           KUTAK ROCK LLP

                                           By: */s/ Brian J. Wagner*
                                                   Brian J. Wagner
                                                   Leland P. Abide
                                                   Attorneys for Plaintiff Getac, Inc.